UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GOLDAH.COM NETWORK TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No.  17-cv-02896-LHK<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORRARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE**<br><br>Re: Dkt. No. 3 |

Plaintiff Microsoft Corporation ("Microsoft") has moved *ex parte* against Defendants Goldah.com Network Technology Co., Ltd., Changsha Xunyou Network Technology Co., Ltd., Hunan Yigiyou Technology Co., Ltd., G4P Limited, Tao Li, and Does 1-20 (collectively, "Defendants"), dba goldah.com and other associated websites ("Goldah"), for (1) expedited discovery, (2) a temporary restraining order ("TRO") freezing Defendants' assets, (3) authorization to serve Defendants by email; and (4) an Order to Show Cause why a preliminary injunction should not be entered restraining Defendants' illegal activities.  Microsoft makes its motion pursuant to Federal Rules of Civil Procedure 64 and 65, 15 U.S.C. § 1116 of the Lanham Act, and the Court's inherent equitable powers on the basis that, among other things, Defendants are distributing, offering for sale and/or selling, via the Internet, fraudulently obtained goods that they are advertising with and which bear Microsoft's federally registered trademarks attached as exhibits to Microsoft's Complaint (collectively, the "Microsoft Marks"), which trademarks are

1

owned and controlled by Microsoft and used in connection with Microsoft's products (collectively, the "Microsoft Products"). Microsoft further makes its motion on the basis that Defendants are engaged in an ongoing enterprise to unlawfully access Microsoft Accounts ("MSAs") belonging to authorized Microsoft customers in order to hijack those accounts, steal and misappropriate credit cards registered to those accounts for their own illegal ends, and distribute the MSAs and their stored value without any authorization from Microsoft or the authorized MSA holder. The Court having reviewed the Complaint, Ex Parte Motion and Memorandum of Points and Authorities in Support, and supporting declarations and exhibits submitted therewith, the Court hereby GRANTS Plaintiff's motion for expedited discovery, temporary restraining order, and authorization for electronic service of process.

## I. Expedited Discovery

For the reasons set forth in Plaintiff's motion, the Court hereby orders that Microsoft may begin discovery immediately regarding the identity and whereabouts of Defendants and the assets generated by Defendants from their sale of access to MSAs paired with virtual gaming currencies for the Xbox video console by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf and any other third parties, including domain registrars and internet service providers, that have information about the identity and whereabouts of Defendants.

## II. Temporary Restraining Order

Plaintiff moves ex parte for a temporary restraining order to restrain Defendants' illicit proceeds. *See* ECF No. 3-2 ("Mot."), at 16. For the reasons set forth in Plaintiff's ex parte motion for a temporary restraining order, the Court finds that a temporary restraining order restraining

Defendants' assets is appropriate in this case.

In particular, the Court finds that Plaintiff has been injured by Defendants' conduct and that this injury is irreparable. Specifically, Plaintiff alleges in its Complaint—and sets forth in declarations supporting its ex parte motion for temporary restraining order—that Defendants have engaged in a practice of fraudulently gaining access to MSAs and the authorized MSA holders' credit cards, hijacked the MSAs, and unlawfully purchased virtual gaming currencies with the MSA holders' credit cards. *See* ECF No. 1 ("Compl."), at ¶ 26; ECF No. 3-5 ("Beckley Decl."), at ¶¶ 7-20. Defendants then sell access to the MSAs, in addition to the fraudulently obtained virtual gaming currencies, through their website. Microsoft is thus being harmed from Defendants' conduct in the form of millions of dollars of bank charge backs and consumer refunds, as well as the ongoing harm to Microsoft's goodwill and reputation. *See* Beckley Decl. ¶ 21. Defendants' activity is ongoing, and absent Court intervention, the activity will very likely continue. *See* Mot., at 14-15.

Further, the Court finds that the circumstances of this case warrant issuing a temporary restraining order without notice to Defendants. As set forth in the declaration of Investigator Jeremy Beckley in support of Plaintiff's ex parte motion, "[i]n [his] significant experience investigating fraudulent activity against Microsoft and others, companies and individuals selling unlawful products are difficult, if not impossible, to find and frequently shut down websites discovered by Microsoft only to reopen under different domain names." Beckley Decl. ¶ 23. Further, these companies and individuals "frequently move their money, destroy any incriminating records, and set up shop under different domain names." *Id.* Further, Plaintiff has reason to believe that the Defendants in this case, specifically, "funnel proceeds of their fraud through PayPal to foreign bank accounts held in China," and thus it is likely that, "as soon as Defendants learn about the existence of this lawsuit, they will repatriate all of their assets currently held in the United States to China to prevent them from being made available to satisfy an award for Microsoft in this case." Mot., at 18; *see* Beckley Decl. ¶¶ 11, 23. The Court therefore finds that it

3

Case No. 17-CV-02896-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE

is appropriate to issue this Order without notice to Defendants because it is likely that Plaintiff will be deprived of its opportunity to recover monetary damages from Defendants if the Court does not issue the instant ex parte temporary restraining order.

The Court therefore GRANTS Plaintiff's ex parte application for a temporary restraining order and issues the following temporary restraining order:  upon receiving actual notice of this Order, any banks, savings and loan associations, payment processors or other financial institutions, including PayPal, Western Union, or other merchant account providers, payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA) providing financial services to and/or holding accounts for Defendants shall immediately locate all accounts connected to Defendants and that such financial institutions or other third-party providers be temporarily restrained and enjoined from transferring, disposing, or allowing the withdrawal of any money or other assets of Defendants.

Pursuant to Federal Rule of Civil Procedure 65(c), the Court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  Plaintiff has not briefed the bond issue in its ex parte motion, nor has Plaintiff provided the Court with any indication of what amount may be "proper to pay the costs and damages" in this case.  *Id.*  However, in other cases in which courts have frozen assets in Lanham Act disputes, courts have imposed bonds of $10,000.  *See, e.g.*, *Zosma Ventures, Inc. v. Nazari*, 2012 WL 12887392, at *7 (C.D. Cal. Mar. 14, 2012) (requiring $10,000 bond in trademark case); *SATA GmbH & Co. Kg. v. Wenzhou New Century Int'l, Ltd.*, 2015 WL 6680807, at *10 (C.D. Cal. Oct. 19, 2015) (same).  Accordingly, Plaintiff shall post a bond in the amount of $10,000.00 as payment of damages to which Defendants may be entitled if Defendants are found to have been wrongfully enjoined.  The above temporary restraining order is effective upon Plaintiff posting the $10,000 bond.  To the extent Defendants believe that additional security is necessary pursuant to Federal Rule of Civil Procedure 65(c), Defendants shall file an appropriate

motion.

## III.  Service of Process via Registered Email

The Court further finds that Plaintiff may complete service of process on Defendants by registered electronic mail to the unique email addresses used by Defendants in connection with Goldah that Plaintiff has demonstrated will provide adequate notice to Defendants pursuant to Federal Rule of Civil Procedure 4.  Those email addresses are as follows:

- 71747601@qq.com
- Support@Goldah.com
- Selltous@Goldah.com
- Pay@Goldah.com
- Support@fifaah.com
- Support@Dpsvip.com

Sufficient cause having been shown, service of this Order together with the Summons and Complaint, may be made on Defendants by electronic mail to the above addresses, and that such service shall be made forthwith after the PayPal, Western Union or other accounts are restrained and in no event later than within nine (9) days from the date of this Order or at such time as may be extended by this Court.

## IV.  Preliminary Injunction Hearing and Expiration of Temporary Restraining Order

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or if the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2).  The Court finds good cause to extend the time for expiration until **June 8, 2017** because Defendants appear to be located in China and thus may need additional time to obtain counsel.  Defendants Goldah.com Network Technology Co., Ltd., Changsha Xunyou Network Technology Co., Ltd., Hunan Yigiyou Technology Co., Ltd., and G4P Limited

5

Case No. 17-CV-02896-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE

appear to be corporations, and thus cannot proceed pro se. Civ. L. R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Accordingly, the Court sets a preliminary injunction hearing for **June 8, 2017, at 1:30 p.m.** Plaintiff shall file a motion for preliminary injunction on Monday, May 22, 2017. Plaintiff's motion shall address the appropriate security amount for a preliminary injunction. Defendants shall file an opposition by Tuesday, May 30, 2017. Plaintiff shall file a reply by Friday, June 2, 2017.

**IT IS SO ORDERED on May 19, 2017, at 7:49 P.M.**

_____
LUCY H. KOH
United States District Judge

6

Case No. 17-CV-02896-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE